IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS M ASH,

    Plaintiff,

v.                                      CASE NO. 5:14-cv-319-MW-GRJ

TOM P HANEY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 24.  The Court issued an Order to Show Cause on September 10, 2015 because Plaintiff had failed to meet the deadline to file his amended complaint. Plaintiff has now failed to respond to the Order to Show Cause, and as a result, the Court respectfully recommends that this case be dismissed for failure to prosecute and failure to comply with the Court's orders.

Plaintiff initiated this case in November of 2014.  The claims in his original complaint were largely indecipherable; however, the Court construed his claims as claims of racial discrimination pursuant to Title VII of the Civil Rights Act of 1964 and directed him to amend his complaint accordingly.  Plaintiff also simultaneously filed a motion to proceed *in forma pauperis*; the motion, however, was on the IFP form for prisoners, despite Plaintiff's statement that he was not incarcerated.  The Court directed him to file a new motion to proceed *in forma pauperis* on the proper form.

Since that date, this case has made absolutely no progress.  Plaintiff has missed the deadline to file his amended complaint five times.  Each time, the Court has issued an Order to Show Cause as to why Plaintiff has failed to meet the filing deadline.  (ECF

Nos. 5, 8, 11, 15, 24.) Plaintiff has provided largely indecipherable responses to these orders; however, the Court, construing Plaintiff's filings liberally, has granted each time a thirty day extension of time to comply with the Court's Order.

Plaintiff finally filed a completed motion for leave to proceed *in forma pauperis* on September 3, 2015. However, he failed to file his amended complaint with this Court. Accordingly, the Court issued its fifth order to show cause on September 10, 2015, ordering Plaintiff to show cause by September 22, 2015 as to why he failed to meet the deadline to file his amended complaint for the fifth time. As of this date, Plaintiff has not filed anything in response to the Order to Show Cause.

Plaintiff's case has made absolutely no progress since it was first filed in November of 2014. Plaintiff's only action in this case has been to submit filings in response to the multiple orders to show cause, which the Court has continually construed extremely liberally as extensions of time, and a completed motion to proceed *in forma pauperis*.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then

the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

Accordingly, it is **RESPECTFULLY RECOMMENDED** that this case be dismissed for failure to comply with an order of the Court, and failure to prosecute, all pending motions be terminated, and the case closed.

**IN CHAMBERS, at Gainesville, Florida,** this 24th day of September, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.